JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

STEPHEN H. JIGGER (CSBN 219430)
BARBARA BRENNAN SILANO (MASSBAR 055540)
Assistant United States Attorneys

450 Golden Gate Avenue
San Francisco, Ca. 94102
Tel: (415) 436-7223/6831
Steve.Jigger@usdoj.gov
Barbara.Silano@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL SILVA, et al.,<br><br>　　　　Defendant.<br>_____ | No. CR-07-0645 MMC<br><br>[PROPOSED] ORDER OF DETENTION PURSUANT TO 18 U.S.C. § 3142 |

## I.　INTRODUCTION

On October 31, 2007, a detention hearing was held for the above named defendant. The Court considered the proffer from both sides and makes the following findings:

## II.　CHARGES AND REBUTTABLE PRESUMPTION

On October 11, 2007, the Grand Jury for the Northern District of California returned an indictment charging defendant Michael Silva and twenty-two others with conspiracy to distribute heroin in violation of Title 21 U.S.C. § 846. The indictment also charges Silva with one substantive count of possession of heroin with intent to distribute of in violation of Title 21 U.S.C. § 841(a)(1). The conspiracy count carries a minimum

DETENTION ORDER　　　　　　　　　　　1

mandatory sentence of ten years to life in prison. Therefore, there is a rebuttable presumption that he is both a flight risk and a danger. See 18 U.S.C. §3142 (e).

### III.     FACTORS TO CONSIDER UNDER 18 U.S.C. § 3142

At the hearing conducted on October 31, 2007, the government proffered evidence that SILVA was a distributor of heroin in Oakland, California. According to the proffer of the government, on May 10, 2007, agents intercepted a telephone call over a court-authorized wiretap which revealed that a co-conspirator of Silva's called "Chano" called co-defendant Penaloza-Hilario to order heroin three times in two hours. Penaloza-Hilaro agreed to send his runner, co-defendant Eleazor MORA-Arciga to deliver the heroin and the two of them agreed upon a location. Law enforcement officers established surveillance at the agreed upon meeting place and watched "Chano" get into MORA-Arciga's car. "Chano" quickly got out of MORA's car and entered SILVA's vehicle. SILVA's car drove only a few feet, and then stopped and let "Chano" out. Oakland Police Department officers conducted a traffic stop of SILVA's vehicle and found that SILVA was on felony probation with a search clause. The officers searched SILVA and his vehicle and recovered three ounces of black tar heroin in the front waistband of SILVA's pants.

Defendant SILVA has an extensive criminal history including four felony and five misdemeanor convictions. In January and May of 1984, he was arrested for narcotics offenses and given a drug treatment program from which he was terminated. He was convicted in June of 1984 of possession of a narcotic controlled substance and was sentenced to 90 days in jail and 3 years of probation. While on probation, he was arrested and convicted of theft. He was given an eight day jail term and again placed on probation. In March of 1986, while on probation, he was again convicted of felony theft and sentenced to 6 months in jail and three years of probation. In 1990, his probation was modified and he was sentenced to an additional 120 days in jail. In 1995, he was convicted of being under the influence of a controlled substance and sentenced to 90 days in jail. In 1996, he was convicted of robbery and sentenced to 2 years in prison. His

criminal record reflects four violations of parole with the last parole violation in June of 1999. In May of 2003, he was convicted of auto theft and given 6 days in jail and another five years of probation. While on probation, in June of 2006, he was convicted of being under the influence of a controlled substance and again sentenced to three years of probation. As a condition of probation, he was placed in a drug treatment program for a second time. The timing of the instant offense occurred while he was on probation for both the May 2003 conviction and the June 2006 conviction.

The Court finds that every chance at supervision for defendant SILVA has been a failure. In an ideal world, treatment would be a better option, yet there is no realistic chance of success. The defendant has already been given a chance at drug treatment. He has demonstrated by his past conduct that he is either unwilling or unable to abide by conditions of supervision set by the Court.

The Court also finds that the defendant's residential history makes him a poor candidate for release. He has bounced from place to place and some times been a transient.

In addition, because of his prior drug felony conviction, he faces the possibility of a minimum mandatory twenty year to life term of imprisonment which is a significant incentive to flee and a pressure which may cause him to violate conditions.

The Court also finds that the pre-trial services report reflects that his parents are not willing to assist him with bond in any way. That says something significant to the Court regarding the risk of release of the defendant. The only person who has indicated a willingness to serve as a surety is his wife, who has no assets, is unemployed, and has experienced significant health issues.

///
///
///
///
///

## IV. **CONCLUSION**

The Court finds by a preponderance of the evidence that the defendant is a flight risk that cannot be mitigated by any available conditions of release, and orders him detained pending further proceedings.

IT IS SO ORDERED.

DATED: April 2, 2008

_____
HON. EDWARD M. CHEN
United States Magistrate Judge

DETENTION ORDER 4