1  Law Offices of
   GEORGE C. BOISSEAU
2  State Bar Number 75872
   740 4th Street
3  Second Floor
   Santa Rosa, California 95404
4  Phone:  (707) 578-5636
   Fax: (707) 578-1141
5  Email: boisseaugc@msn.com

6  Attorney for Defendant
   MICHAEL JOSEPH SILVA
7

8                    UNITED STATES DISTRICT COURT
9

10                  NORTHERN DISTRICT OF CALIFORNIA
11

12  UNITED STATES OF AMERICA,          )    CR-07-0645-MMC
                                       )
13          Plaintiff,                 )    NOTICE OF MOTION AND
                                       )    MOTION TO REVOKE DETENTION
14  v.                                 )    ORDER AND SET
                                       )    CONDITIONS OF RELEASE
15  MICHAEL JOSEPH SILVA,              )
                                       )    Date: April 14, 2008
16          Defendant.                 )    Time: 2:30 p.m. o'clock
    _____)    Place: Hon. Edward Chen

17

18       TO:    JOSEPH P. RUSSONIELLO, United States Attorney, and
19              BARBARA BRENNAN SILANO, Assistant U.S. Attorney:

20

21

22       NOTICE IS HEREBY GIVEN that on April 14, 2008, at 2:30 p.m., or as soon thereafter

23  as the matter may be heard, before the Honorable Edward Chen, United States Magistrate-Judge,

24  Northern District of California, the defendant, MICHAEL JOSEPH SILVA (SILVA), will move

25  for an order revoking the order of detention of October 31, 2007 by this Court, and setting

26  conditions of release.

27       SILVA is detained pursuant to the government's request and the magistrate's order

28  entered on October 31, 2007.  See 18 U.S.C. §3142(f).  He made his first appearance on the

---

                                       1
MOTION AND MEMO. POINTS & AUTHOR. IN SUPPORT OF MOTION TO REVOKE
DETENTION ORDER AND SET CONDITIONS OF PRETRIAL RELEASE

1  indictment on or about October 24, 2007, and has been in continuous custody since his first

2  appearance in this case.[1]

3          This motion is made on the grounds that SILVA is not a danger to the community or

4  himself, that he is not a flight risk, and that his continued detention violates due process of law.

5          This motion will be based on this notice of motion, declaration of counsel, the attached

6  memorandum of points and authorities, the papers, records, and files in this action, and on such

7  oral and documentary evidence as may be presented at the hearing.

8          Dated:  April 2, 2008

9                                                              Respectfully submitted,

10

11                                                              _____

12                                                              GEORGE C. BOISSEAU

                                                                Attorney for Defendant
13                                                              MICHAEL JOSEPH SILVA

14

15

16

17

18

19

20

21

22

23

24

25  _____

26      [1]     SILVA was originally arrested by local authorities for transportation and possession for
    sale of heroin on May 10, 2007.  He remained in state custody until the state charges were
27  dismissed.  He was thereupon rearrested upon the filing of the Indictment.  Thus, he has been in
    custody for the same conduct since May 10, 2007, a period of almost a year.
28

2
MOTION AND MEMO. POINTS & AUTHOR. IN SUPPORT OF MOTION TO REVOKE
DETENTION ORDER AND SET CONDITIONS OF PRETRIAL RELEASE

Law Offices of
GEORGE C. BOISSEAU
State Bar Number 75872
740 4th Street
Second Floor
Santa Rosa, California 95404
Telephone:  (707) 578-5636
Fax: (707) 578-1141
Email: boisseaugc@msn.com

Attorneys for Defendant
MICHAEL JOSEPH SILVA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR-07-0645-MMC |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT |
| | ) | OF MOTION TO REVOKE |
| v. | ) | DETENTION ORDER AND TO |
| | ) | SET CONDITIONS OF RELEASE |
| MICHAEL JOSEPH SILVA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

Information now exists that was not known to SILVA at the time of the original detention hearing which has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  SILVA has been detained for over 11-months because of the conduct charged in this Indictment and no trial date has been scheduled in the case.

## STATEMENT OF THE CASE

SILVA was arrested on May 10, 2007 by local authorities for transportation and possession for sale of heroin.  He remained in state custody until those charges were dismissed by the District Attorney for Alameda County.  SILVA was arrested on or about October 24, 2007 on federal charges arising from the same conduct charged in state court.  On October 24, 2007, SILVA was arraigned on the instant Indictment charging him with conspiracy to distribute heroin

MOTION AND MEMO. POINTS & AUTHOR. IN SUPPORT OF MOTION TO REVOKE
DETENTION ORDER AND SET CONDITIONS OF PRETRIAL RELEASE

1   (Count 1) and possession of heroin with the intent to distribute (Count 10).  See 21 U.S.C.
2   §§846, 841.  This Court on October 31, 2007 ordered SILVA detained.

3          It is primarily SILVA's criminal record, his poor record on parole and probation, and the
4   recency of the offense conduct in the pending indictment, which supports the court's finding that
5   SILVA is a danger to the community, a flight risk, and that no condition of release could
6   reasonably assure community safety and SILVA's appearance in court. SILVA's conviction
7   record begins in 1982.  Admittedly, he has several failure to appears, probation violations and
8   parole violations during the last twenty-five years.

9          However, SILVA's criminal history (and failure on probation and parole) stems primary
10  from his long-term addiction to heroin.  SILVA's drug history is well documented and known to
11  Pre-Trial Services.

12         SILVA's parents, Eddie and Esperanza Silva, are now willing to pledge their home to
13  secure SILVA's release.  They reside at 2000 103rd Avenue, Oakland, California 94603 and have
14  a substantial amount of equity in their home.

15         SILVA, if released pretrial, will reside with his wife, Delores Silva, and their 16 year
16  old son, Edward Silva.  Mrs. Silva resides at 7682 Redbud Court, Newark, California 94560 with
17  her parents.  She is seriously ill and recently had brain surgery to repair an aneurysm.[2]  She needs
18  SILVA's help and support during her recovery.

19         SILVA is willing to abide by all terms and conditions of release which this Court may
20  deem necessary.  Electronic monitoring will reasonably assure community safety and court
21  appearances.  He will agree to narcotics testing and out-patient drug-abuse treatment as a
22  condition of his release.

23                          STATEMENT OF THE FACTS

24  _____On October 11, 2008 an indictment was filed against SILVA charging him with
25  conspiracy to distributed heroin and one count of possession of heroin with the intent to

26

27   [2]    Dr. Robert Richardson performed brain surgery on Mrs. Silva on January 10, 2008.  She
28  is recuperating from that surgery and will have to undergo another procedure in May, 2008.

4
MOTION AND MEMO. POINTS & AUTHOR. IN SUPPORT OF MOTION TO REVOKE
DETENTION ORDER AND SET CONDITIONS OF PRETRIAL RELEASE

1   distribute.  He is charged with sixteen other named defendants.  The conspiracy count charges

2   that the conspiracy began on December 1, 2005 and continued to October 11, 2007.  During this

3   time, the defendants allegedly conspired to distribute one (1) kilogram of heroin.

4        Count 10 of the Indictment charges SILVA, Jose Juan Penaloza-Hilario and Eleazar

5   Mora-Arciga with possessing heroin with the intent to distribute on May 10, 2007.  This count

6   involves three ounces of black tar heroin.

7   COMMUNITY TIES

8        SILVA has substantial ties to the community and considerable community support,

9   which all has been previously brought to this Court's attention at the original detention hearing

10  and by the Pre-Trial Services report submitted in this case.  He has resided in Oakland virtually

11  his entire life.  All his family reside in the east bay and his parents are willing to post their family

12  residence to secure SILVA's release.  Other family members are also willing to co-sign any

13  personal surety bond set by this Court.

14       In order to address this Court's concern about "danger to the community", SILVA is

15  willing to agree to 24-hour monitoring and "house arrest" at his parents-in-law's residence during

16  the period of pre-trial release.  He agrees not to use the telephone, not associate with anyone

17  other than his immediate family, and abide by the strictest of conditions of release.  His wife

18  agrees to act as custodian and will restrict access of others to the residence.

19  PRETRIAL DETENTION TO DATE

20       SILVA has been in custody since May 10, 2008.  The undersigned counsel entered an

21  appearance on October 24, 2007 and no pre-trial hearing or trial dates have been set.

22

23

24

25

26

27

28

MOTION AND MEMO. POINTS & AUTHOR. IN SUPPORT OF MOTION TO REVOKE
DETENTION ORDER AND SET CONDITIONS OF PRETRIAL RELEASE

1

ARGUMENT

2

I.

3
4

SILVA IS NOT A DANGER TO THE COMMUNITY AND THERE ARE
CONDITIONS OF RELEASE THAT COULD REASONABLY ASSURE
COMMUNITY SAFETY AND HIS PRESENCE IN COURT.

5

A.    New Information Regarding Danger to the Community:

6

Since the last appearance before this Court, SILVA's parents have agreed to be sureties

7

on any bond that is set and his wife is having serious medical problems.   Mrs. Delores Silva

8

needs her husband's help during her recovery.   If SILVA is released, he will care for his wife on

9

a full-time basis.

10

B.    Applicable Principles:

11

Title 18 U.S.C. §3142(a) governs the release of criminal defendants pending trial.

12
13
14
15
16

Upon the appearance before a judicial officer of a person charged with an
offense, the judicial officer shall issue an order that, pending trial, the
person--(1) released on personal recognizance or upon execution of an
unsecured appearance bond, under subsection (b) of this section; (2) released
on a condition or combination of conditions under subsection (c) of this
section; (3) temporarily detained to permit revocation of conditional release,
deportation, or exclusion under subsection (d) of this section; or (4) detained
under subsection (e) of this section.

17

18 U.S.C. §3142(a).

18

The primary purpose of the Bail Reform Act of 1984 was to de-emphasize the use of

19

money bonds and to provide flexible alternatives to judges in setting bail.  See generally United

20

States v. Orta, 760 F.2d 887 (8th Cir.1985)(en banc).  Title 18U.S.C. §3142(b) expressly

21

provides that a criminal defendant shall be released on personal recognizance (PR), or upon his

22

or her own recognizance (OR), unless the defendant represents either a flight risk or a danger to

23

the community.  However, this Court cannot detain someone merely if it determines that OR or

24

PR will not prevent flight or ensure community safety.  The Court must nonetheless consider

25

other conditions.  18 U.S.C. §§3142(a) and (c); see also Orta, 760 F.2d at 890.  Indeed, 18 U.S.C.

26

§3142(c) provides that if the judicial officer determines that OR or PR is not sufficient, the

27

"judicial officer shall order the pretrial release of the person...subject to the least restrictive

28

further condition or combination of conditions, that such judicial officer determines will

6
MOTION AND MEMO. POINTS & AUTHOR. IN SUPPORT OF MOTION TO REVOKE
DETENTION ORDER AND SET CONDITIONS OF PRETRIAL RELEASE

1   reasonably assure the ...safety of any other person and the community...." (Emphasis supplied).

2   The structure of the statute mandates every form of release be considered before detention may

3   be imposed.  United States v. Orta, supra, 760 F.2d at 892.

4           Federal law has traditionally provided that a person arrested for a non-capital offense

5   shall be admitted to bail.  United States v. Motamedi, 767 F.2d 1403, 1405 (9th

6   Cir.1985)(explaining that "the Fifth and Eighth Amendments's prohibitions of deprivation of

7   liberty without due process and of excessive bail require careful review of pretrial detention

8   orders to ensure that the statutory mandate has been respected)[citing Stack v. Boyle, 342 U.S. 1,

9   4 (1951)].  Only in rare cases should release be denied.  Motamedi, supra, 767 F.2d at 1405

10  [citing Sellers v. United States, 89 S.Ct. 36, 38 (1968)]; see also United States v. Hir, __F.3d __ ,

11  2008 U.S.App. Lexis 3245 (9th Cir.2008).  And doubts regarding the propriety of release are to be

12  resolved in favor of defendants.  Id. at 1405 [citing Herzog v. United States, 75 S.Ct. 349, 351

13  (1955)]; see also United States v. Townsend, 897 F.2d 989, 993 (9th Cir.1990).[3]

14

15

16

17

18

19

20

---

22  [3]      Section 3142(g) details the factors that may be considered at a detention hearing.  These
23  factors include the person's character, family ties, employment, criminal history, the nature and
    seriousness of the offense charged, the nature and seriousness of the danger to any person or the
24  community that would be posed by the defendant's release, as well as the weight of the evidence
    against the defendant.  The Ninth Circuit, however, has held that the weight of the evidence
25  against the defendant is the least important factor because a court cannot make a pretrial
26  determination of guilt.  United States v. Motamedi, supra, 767 F.2d at 1408; see also United
    States v. Gebro, 948 F.2d 1118, 1121 (9th Cir.1991); United States v. Winsor, 785 F.2d 755, 757
27  (9th Cir.1986)(evidence of guilt relevant only in terms of the likelihood that the person will fail
28  to appear or will pose a danger to the community).

7
MOTION AND MEMO. POINTS & AUTHOR. IN SUPPORT OF MOTION TO REVOKE
DETENTION ORDER AND SET CONDITIONS OF PRETRIAL RELEASE

C.    SILVA Is Not A Flight Risk:

SILVA is not a flight risk. He has substantial ties to Oakland.[4] He has no ties to Mexico or any other country. Nor does SILVA have any history of travel outside the Bay area.

D.    SILVA Is Not A Danger to the Community:

Conditions of release can be imposed which reasonably assure that SILVA not be a danger to the community. Home detention, along with around-the-clock monitoring, and search conditions would reasonably assure that SILVA not be involved in any narcotics trafficking. All of SILVA's activities would be monitored by Pretrial Services.[5]

Also, the fact that SILVA has not been involved in any acts of violence is significant. SILVA does not have a history of any weapons use, assaults, or threats of violence against others. Even his prior criminal record for narcotics possession and theft is not indicative of large-scale illegal activity. The prior narcotics offenses involved small quantities of narcotics consistent with a user of heroin and other narcotics. He has never before been involved in a conspiracy to distributed narcotics.

SILVA has suffered various violations of probation and parole over the years. His supervisory history in the past has not been good. However, the seriousness of the instant charges and his family support have had a substantial impact upon SILVA. He will under no circumstances cause his parents to lose their house by either violating his conditions of release or

---

[4]    "Community" embraces both the community in which the charges are brought and also a community in the United States to which the defendant has ties. United States v. Townsend, supra, 897 F.2d at 995; United States v. Hir, supra, 2008 U.S. App. Lexis at 11; see also Truong Dinh Hung v. United States, 439 U.S. 1326 (1978); United States v. Himler, 797 F.2d 156, 162 (3rd Cir.1986)(reversing order of pretrial detention because of defendant's "family ties to the area").

[5]    A condition of electronic monitoring and no association with others who may be involved in narcotics trafficking may be imposed. See 18 U.S.C. §3142(c)(B)(v). Home detention and electronic monitoring will give reasonable assurances that SILVA not associate with anyone except his immediate family. Only his wife, son and parents-in-law currently live at the residence at 7582 Redbud Court, Newark, California.

8
MOTION AND MEMO. POINTS & AUTHOR. IN SUPPORT OF MOTION TO REVOKE
DETENTION ORDER AND SET CONDITIONS OF PRETRIAL RELEASE

1  failing to appear.  He is grateful that his family is firmly behind him despite the seriousness of

2  the charges.

3        The presumption that "no condition nor combination of conditions will reasonably

4  assure the appearance of the person as required and the safety of the community" [18 U.S.C.

5  §3142(e)] has been rebutted in this case.[6]  SILVA has substantial ties to the community.  A

6  combination of home detention, search conditions, and electronic monitoring would ensure his

7  appearance in court and that he not engage in any future narcotics trafficking.  His strong family

8  support will insure that he not be a danger to the community in that his family members will

9  vigilantly monitor his activities.

10  II.

11      THE PRETRIAL DETENTION OF SILVA IS UNDULY PROLONGED AND

12      VIOLATES DUE PROCESS OF LAW.

13        To date, SILVA has been detained for almost a year.

14        Trial is at least several months away.  There are numerous pretrial motions which need

15  to be filed.

16      A.    Applicable Principles:

17        The Due Process Clause states "[n]o person shall...be deprived of life, liberty, or

18  property without due process of law." U.S. Const. Amend. V.  The constitutional ban on

19  excessive pretrial detention is a right guaranteed by substantive due process.  Substantive due

20  process protects "personal immunities which...are so rooted in the traditions and conscience of

21  our people as to be ranked as fundamental."  Rochin v. California, 342 U.S. 165, 169 (1952).[7]

22

23      [6]    Detention determinations must be made individually and, in the final analysis, must be

24  based on the evidence which is before the court regarding the particular defendant.  See United

    States v. Tortora, 922 F.2d 880, 888 (1st Cir.1990)("Undoubtedly, the safety of the community

25  can be reasonably assured without being absolutely guaranteed...Requiring that release conditions

26  guarantee the community's safety would fly in the teeth of Congress's clear intent that only a

    limited number of defendants be subject to pretrial detention.").

27

28      [7]    The enumerated fundamental rights that are implicated by SILVA's assertion of

    (continued...)

9
MOTION AND MEMO. POINTS & AUTHOR. IN SUPPORT OF MOTION TO REVOKE
DETENTION ORDER AND SET CONDITIONS OF PRETRIAL RELEASE

1    The length of pretrial detention raises the constitutional issue of due process.  United

2  States v. Salerno, 481 U.S. 739, 747 n.4 (1987); see also United States v. Millan, 4 F.3d 1038,

3  1043 (2nd Cir.1993); United States v. Orena, 986 F.2d 628, 630-631 (2nd Cir.1993); United

4  States v. Portes, 786 F.2d 758, 768 (7th Cir.1986); United States v. Accetturo, 783 F.2d 382, 388

5  (3rd Cir.1986); United States v. Gonzales-Claudio, 806 F.2d 1510, 1516 (2nd Cir.1986); United

6  States v. Theron, 782 F.2d 1510, 1516 (10th Cir.1986).  At some point of time, pretrial detention

7  is excessively prolonged and, therefore, punitive rather than regulatory.

8    The Supreme Court in Salerno provided little guidance on how to determine whether a

9  detainee's due process rights have been violated, stating simply that the trial court's judgment

10 depends on whether the length of detention is excessive in relation to the regulatory goals.

11 Although many courts have interpreted this abstract analytical framework to require an analysis

12 of (1) the duration of custody; (2) the government's or court's responsibility for the delay; and (3)

13 the extent of flight or dangerousness, other courts omit any inquiry about the reason for the delay,

14 and some incorporate additional factors in their analysis such as the seriousness of the charges

15 against the defendant, the strength of the government's case on the merits, the type of threat

16 posed by the defendant, and the extent to which release conditions can minimize risk of flight

17 and potential dangerousness.  See generally, United States v. Hare, 873 F.2d 796, 801 (3rd

18 Cir.1989); United States v. Accetturo, supra, 783 F.2d at 388; United States v. Gallo, supra, 750

19 F.Supp. at 343-345 (court found that due process will not permit the detention of a defendant

20 charged with threatening witnesses to continue beyond eight months despite finding that the

21 pretrial delay was not attributable to any fault of the government); United States v. Theron, 782

22 F.2d 1510, 1512 (10th Cir.1986)(court finds that "serious constitutional questions" would arise

23

24
_____

25    [7](...continued)
substantive due process include the Sixth Amendment's provision that "[i]n all criminal
26 prosecutions, the accused shall enjoy the right to a speedy trial" and the Eight Amendment's
prohibition against excessive bail.  Also implicated is the fundamental right to be presumed
27 innocent until proven guilty.  See, e.g., United States v. Gatto, 750 F.Supp. 664, 672 (D.N.J.
1990); United States v. Gallo, 750 F.Supp. 320, 341 (E.D.N.Y. 1986).
28

MOTION AND MEMO. POINTS & AUTHOR. IN SUPPORT OF MOTION TO REVOKE
DETENTION ORDER AND SET CONDITIONS OF PRETRIAL RELEASE

1    unless it construed Speedy Trial Act [18 U.S.C. §§3161-3174] as requiring release or trial within

2    thirty days for defendant, already detained for four months and expected to be detained ten to

3    fourteen months until end of trial, and where the delay was cause by complexity of co-

4    defendants' cases and defendant took no steps to cause the delay).

5          The Ninth Circuit assesses the due process limit on the length of pretrial detention on a

6    case-by-case basis.  United States v. Gelfuso, 838 F.2d 358, 359 (9th Cir.1988); see also United

7    States v. Gonzalez-Claudio, supra, 806 F.2d at 340.  The court should consider the length of

8    confinement in conjunction with the extent to which the prosecution bears responsibility for the

9    delay that has ensued.  United States v. Gelfuso, supra, 838 F.2d at 359.

10         B.    Length of Delay:

11         The prolonged pretrial detention in this case violates the due process clause of the Fifth

12   Amendment.  SILVA has been incarcerated for almost twelve months for the instant conduct, and

13   five months on these federal charges without a trial date even being set.   This case has several

14   defendants and involves lengthy wiretaps.   If not released on bail, it is likely he will be

15   incarcerated for at least another year prior to trial.  Thus, his continued incarceration is

16   excessively prolonged and punitive.

17         The pretrial release provision in 18 U.S.C. §3164(c) is helpful in determining what may

18   be a violation of due process. Section 3164(c) provides that

19              (c)  Failure to commence trial of a detainee as specified in subsection (b),
                through no fault of the accused or his counsel, or failure to commence trial of a
20              designated release as specified in subsection (b), through no fault of the
                attorney for the Government, shall result in the automatic review by the court
21              of the conditions of release.  No detainee, as defined in subsection (a), shall be
                held in custody pending trial after the expiration of such ninety-day period
22              required for the commencement of his trial.  A designated release, as defined in
                subsection (a), who is found by the court to have intentionally delayed the trial
23              of his case shall be subject to an order of the court modifying his nonfinancial
                conditions of release under this title to insure that he shall appear at trial as
24              required.

25   18 U.S.C. §3164(c); see also United States v. Theron, 782 F.2d 1510, 1515 ("reasonable delay"

26   exclusion of §3161(h)(7) has a different meaning and application under §3164 than under

27   §3161).  Thus, a defendant who has been detained over ninety-days prior to trial should be

28   released if there have been unreasonable delays which cannot be attributed to the defendant.

11

MOTION AND MEMO. POINTS & AUTHOR. IN SUPPORT OF MOTION TO REVOKE
DETENTION ORDER AND SET CONDITIONS OF PRETRIAL RELEASE

1    C.    Responsibility for the Delay:

2    SILVA's counsel needs time to prepare for trial and pretrial motions.   However, he

3    could have been prosecuted on the possession of three ounces of black tar heroin in state court

4    where it was originally charged.  The decision to charge SILVA in a multi-defendant conspiracy

5    necessitates considerable pretrial preparation and review of months of wiretaps which do not

6    involve SILVA.  This factor weighs in favor of SILVA's release on due process grounds.

7    D.    The Magnitude of the Threat to the Government's Regulatory Interests:

8    The proper focus in this regard should be on how big the threat would be to the

9    government's regulatory interests should SILVA be released on stringent conditions aimed at

10    reducing as much as possible the likelihood of harm to the community.  In this case SILVA can

11    be released upon the most stringent conditions such as home detention with electronic

12    monitoring, drug testing and drug treatment.  In light of the fact conditions of release can be

13    fashioned to protect the community if SILVA was released pre-trial, the pretrial detention is

14    unreasonable and a violation of due process.

15    CONCLUSION

16    SILVA should be released pretrial on a $100,000 appearance bond cosigned by his wife

17    and parents.  A condition of his pre-trial release should be that he remain under home detention

18    and not leave his wife's residence without permission and advance notice to his pre-trial services

19    officer.  Further, SILVA will abide by all other conditions requested by pre-trial services or this

20    Court to insure the safety of the community and his appearance in court.

21    Dated: April 2, 2008

22    Respectfully submitted,

23

24    GEORGE C. BOISSEAU

25    Attorney for Defendant
     MICHAEL JOSEPH SILVA

26

27

28

12
MOTION AND MEMO. POINTS & AUTHOR. IN SUPPORT OF MOTION TO REVOKE
DETENTION ORDER AND SET CONDITIONS OF PRETRIAL RELEASE