1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT
9        FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11  UNITED STATES OF AMERICA,                    No. CR-07-0645 MMC
12            Plaintiff,                **ORDER DENYING WITHOUT
                                        PREJUDICE DEFENDANT'S MOTION
13     v.                               FOR DOCKET SHEET, GUILTY PLEA
                                        COLLOQUY, SENTENCING
14  MICHAEL JOSEPH SILVA,               TRANSCRIPT, AND MOTIONS**
15            Defendant.
    _____/
16

17      Before the Court is defendant Michael Joseph Silva's ("Silva") "Motion for Docket

18  Sheet, Guilty Plea Colloquy, Sentencing Transcript with All Motions Filed with the Court,"

19  filed April 30, 2009.  Having read and considered the motion, the Court rules as follows.

20      1.  To the extent Silva seeks a free transcript of any proceeding before the Court,

21  the motion is premature, for the reason that, in light of the Court's Order Granting

22  Defendant's Request to Withdraw Motion, which order is filed concurrently herewith, no

23  motion brought under 28 U.S.C. § 2255 is currently pending, nor has Silva moved to

24  proceed in forma pauperis.  See 28 U.S.C. § 753(f) (providing "[f]ees for transcripts

25  furnished in proceedings brought under section 2255 of this title to persons permitted to

26  sue or appeal in forma pauperis shall be paid by the United States out of money

27  appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or

28  appeal is not frivolous and that the transcript is needed to decide the issue presented by

1  the suit or appeal"); see also United States v. Horvath, 157 F.3d 131, 132 (2d Cir. 1998)

2  (holding "a motion for a free transcript pursuant to § 753(f) is not ripe until a § 2255 motion

3  has been filed"); Chapman v. United States, 55 F.3d 390, 390 (8th Cir. 1995) (holding "any

4  request for a free transcript prior to the filing of a section 2255 complaint is premature")

5  (internal quotation and citation omitted).

6       2.  To the extent Silva seeks access to any existing court files or records, the motion

7  likewise is premature.  See Hansen v. United States, 956 F.2d 245, 248 (11th Cir. 1992)

8  (holding "a request by a prisoner for access to the court files of his underlying criminal

9  conviction is premature prior to the filing of a collateral attack on the conviction; a prisoner

10 is entitled to access to the court files only after he has made a showing that such files are

11 necessary to the resolution an issue or issues he has presented in a non-frivolous

12 pending collateral proceeding"); United States v. Losing, 601 F.2d 351, 353 (8th Cir. 1979)

13 (rejecting argument that prisoner has right of "access" to records prior to filing of motion

14 under section 2255).[1]

15       Accordingly, Silva's motion is hereby DENIED without prejudice.

16       **IT IS SO ORDERED.**

17

18 Dated:  May 21, 2009                                    _____

19                                                          MAXINE M. CHESNEY
                                                            United States District Judge

20

21

22

23

24

25

26 _____

   [1]Although the Seventh Circuit has held prisoners have "an absolute personal right to
   reasonable access to the pre-existing files and records of their underlying case," see Rush

27 v. United States, 559 F.2d 455, 458 (7th Cir. 1977), no other court of appeals has adopted
   the Seventh Circuit's reasoning, and the Tenth, Eleventh, and Eighth Circuits have explicitly
   rejected such reasoning.  See Sistrunk v. United States, 992 F.2d 258, 259-60 (10th Cir.

28 1993); Hansen, 956 F.2d at 248; Losing, 601 F.2d at 353.